## Case No. 1,127.

BAXTER v. NEW ENGLAND INS. CO.

[3 Mason, 96.] [1]

Circuit Court, D. Massachusetts.    Oct. Term, 1822.

MARINE INSURANCE—REPRESENTATIONS — TIME OF SAILING—RISK.

If the agent, in procuring insurance, represents, that the ship was not to sail until four days after another vessel, which came from the same port and had arrived, and, in point of fact, she had sailed four days before, and the difference of sailing is material to the risk, the policy is void.

At law. Assumpsit [by Robert Baxter against the New England Insurance Company] on a policy of insurance, dated on the 28th Sept. 1821, whereby Aaron Baldwin, "for whom it may concern, and payable to him in case of loss," procured insurance of "$4,-000, on property on board the brig Robert, at and from Kingston, Jamaica, to St. Andrews, (N. B.) four per cent. on specie, and two per cent. on merchandise." Loss averred to be on the 24th of August, 1821, by pirates, of certain gold on board. Plea the general issue. [Judgment for defendant.]

At the trial the loss and interest in the plaintiff was proved or admitted; and the principal question was, whether there was not a misrepresentation avoiding the policy. On the 6th of August, 1821, the plaintiff (who was the master of the Robert) wrote to C. Curry (the agent in procuring the insurance through Baldwin), "I shall leave this on the 12th inst." On the 20th of September, Curry wrote to Baldwin for the insurance, and added in a postscript, "Mr. Patterson's brig James has arrived, with specie and produce, in thirty-two days." On the next day Curry wrote to Baldwin, "I am informed to-day by the master of the James, that she (the brig Robert) would not sail until four days after the James." Upon the communication of these letters, the insurance was procured. In fact the James sailed from Kingston on the 20th of August: the brig Robert sailed three or four days before

[1] [Reported by William P. Mason, Esq.]

that time; and the brig John and Robert was to sail three or four days after the James.

It was proved, that the difference of time, whether the brig Robert sailed before or after the James, whether on the 12th or 24th of August, was very material to the risk, as the very delay in her passage would give rise to suspicion of her being captured by pirates.

Mr. Shaw, for plaintiff.
Mr. Hubbard, for defendant.

STORY, Circuit Justice. I think upon this evidence, the plaintiff is not entitled to recover. There has been a material misrepresentation, and whether it be innocent or otherwise does not vary the legal result. It was represented in the first letter, that the brig Robert would sail on the 12th of August; in the second, that she would not sail until the 24th of August. In point of fact, she had sailed about the 16th of August. And this difference of time is proved to be material to the risk. See Fillis v. Brutton, Marsh. Ins. bk. 1, c. 10, § 2. p. 463. But see, also, Barber v. Fletcher, 1 Doug. 305; Marsh. Ins. p. 454; Bowden v. Vaughan, 10 East, 415.

Plaintiff nonsuit.