Parker C. J.
delivered the opinion of the Court. We think there is no doubt but that the evidence objected to at the trial was properly admitted. It went to impeach the. credit of Hewett in respect to recollection, his testimony being directly contrary, in a material point, to that of Currie, and the cause turning before the jury upon the credit to be given to one or the other of the two principal witnesses.
We are to take it as proved then, that the information obtained from Hewett was truly and correctly represented to the president of the office ; and if this be so, although the fact thus communicated was not true, there was no misrepresentation, for the insured or his agent is bound only to communicate all the information he has ; and if the insurer is not satisfied with that, he may require a warranty.
Nor do we think the case proves a misrepresentation in the other point which has been urged in argument. Baxter wrote *458 to Currie, his agent, from Kingston, and, in a postscript, ■ stated that he should sail on the 12th of the month. Currie, jn his letter of the 20th of September to Baldwin, wnom he desires to procure insurance, says that he (Baxter) expected to sail on the 12th. We think that the statement of the day on which a vessel will sail, is substantially nothing more than stating an expectation that she will sail on that day. The most positive intentions to sail on any future day, amount only to a strong expectation, for it must depend upon the elements and other causes affecting the sailing of vessels, whether such intention shall be executed or not. And if the time of sailing be material to the risk, the insurer would be as likely to require a warranty that the vessel would sail or had sailed on the day proposed, if it were stated positively, as if stated only as an expectation.
Since this cause was argued, our attention has been called to a case in 3 Bligh’s Reports (Dennistoun v. Lillie) recently decided by the lord chancellor in Great Britain, on appeal from the Lords of Council and Session in Scotland, which upon critical examination we do not think militates against our opinion. The letter upon which the insurance was obtained was in these words : — u The Brilliant will sail on the first of May, a receiving vessel, in which the writer of this will take passage.” The Brilliant in fact had sailed a week before, viz. on the 23d of April. This was held to be a representation that the vessel was safe in harbour until the 1st of May, and it being time of war, the fact was undoubtedly material. The judge admiral, before whom the case was first tried, grounded his opinion upon the fact, that by the communication the insurer saw and understood that the vessel was positively intended to remain in New Providence, and not to sail therefrom till the 1st of May, and that the policy was subscribed under that impression ; whereas in truth she might have been captured before the time when it was represented she would sail. The lord chancellor takes notice of the same circumstance, and relies upon it as material. He asks, whether in cases which go beyond expectation, where there is a misrepresentation of a material fact, the policy is not vacated. Now that was clearly a case that went beyond
*459 expectation, for the thing had happened which was represented as about to take place at a time subsequent to the event. The case before us did not go beyond expectation, for the vessel had not sailed until the day when it was stated she was expected to sail, and therefore her sailing was a proper subject of expectation, and an assertion that she would sail on that day could, for the reasons above mentioned, amount to nothing more than the assertion of an expectation. The lord chancellor concludes with saying, that there is a difference between the representation of an expectation, and the representation of a fact; in which opinion we agree; but we do not think that a representation that a vessel will sail on a future day, is under the circumstances of this case a fact, but an expectation.[1]
But even if we had not come to this opinion, the case would stand well for the plaintiffs, for the insurance was not at all influenced by the supposed misrepresentation of Baxter’s information in the letter to Currie. It was on the letter of Currie of the 21st of September, in which he gives the information obtained from Captain Hewett, that the president and Baldwin made their calculations, in consequence of which the memorandum was made in the margin of the policy, “Expected to sail about the 24th of August.” This necessarily superseded the prior information, because, if true, it established the fact that the vessel had not sailed until several days after the 12th, and created a probability that she would sail about the 24th; and it was upon the expectation founded on this probability, that the policy was effected.
We are satisfied, that though this is an unfortunate case for the office, there is no principle of the law of insurance upon which they can be exonerated from the loss.

Judgment according to verdict.

*

 See 2 Phillips on Ins. 82 to 95,101, 102; Bowden v. Vaughan, 10 East, 415; Hubbard v. Glover, 3 Campb. 313; Arnot v. Stewart, 5 Dow, 274; Allegre v. Maryland Ins. Co., 2 Gill & Johns. 136; Alsop v Commercial Ins. Co. 1 Sumner, 457.

 See the case of Baxter v. New England Ins. Co. 3 Mason, 96, upon the same policy.